IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PRIMERICA LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                                                    No. 1:18-cv-00109-JCH-CG

CYNTHIA MONTOYA, BIANCA
TRUJILLO, and HERITAGE MEMORIAL
FUNDING, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER ENTERING
## INTERPLEADER

**THIS MATTER** is before the Court on the parties' Stipulation for Agreed Order Granting Interpleader and Partial Dismissal with Prejudice ("Stipulation"). [Doc. 33] For the reasons given, the Court finds that the Stipulation should be entered.

**I.**     **BACKGROUND**

This case arises from a dispute over the proceeds of an $80,000 Primerica life insurance policy ("Policy") held by decedent Joseph Trujillo. Defendant Cynthia Montoya was Joseph's ex-wife, and Defendant Bianca Trujillo was Joseph's niece. Cynthia and Bianca are New Mexico residents. In 1998 Joseph purchased the Policy, naming Cynthia and Bianca as the primary and contingent beneficiaries, respectively. In 2016 Joseph and Cynthia divorced. Their divorce decree made no mention about the Policy's disposition, and Joseph never removed Cynthia as the Policy's primary beneficiary. Joseph passed away in March 2017. Cynthia – anticipating receiving the $80,000 Policy – assigned almost $10,000 to Hass Funeral Services to help pay for Joseph's funeral expenses. Hass in turn assigned the contract to Defendant Heritage Memorial

Funding, LLC, a Mississippi entity. In short succession, Cynthia, Heritage, and Bianca all claimed to the Policy's proceeds. Upon processing Cynthia's claim, Primerica discovered for the first time that she and Joseph divorced. According to Primerica, it could not determine what beneficial interests, if any, Defendants had to the Policy's proceeds under New Mexico's statute dealing with revocation of non-probate transfers, NMSA 1978 § 45-2-804.

Sensing that it could be exposed to double or multiple liabilities, Primerica filed a complaint invoking interpleader seeking to pay the full $80,000 fund to the Court and be discharged, thereby permitting Cynthia, Bianca, and Heritage to litigate the Policy's allocation. Primerica – who in interpleader is known as the "stakeholder" – deposited the roughly $80,000 fund – known as the "stake" – into the Court's registry. Primerica "admitted its obligations to pay," and represented itself as a "disinterested stakeholder" desiring to pay the Policy's proceeds without incurring liability. Cynthia counterclaimed against Primerica, alleging that the Policy is actually worth $120,000 and that she is its sole beneficiary; however in an amended pleading Cynthia removed her counterclaim against Primerica. Heritage crossclaimed against Cynthia for breach of contract, but Heritage has since submitted a stipulated motion that it be dismissed, which the Court granted. Bianca also crossclaimed against Cynthia for a determination that she is entitled to the Policy's proceeds. That claim remains pending.

Now that Primerica has deposited the stake with the Court, it wants to withdraw from the proceedings, be dismissed from the action, and let Bianca and Cynthia contest their competing claims over the stake amongst themselves. As explained below, the Court will enter interpleader and dismiss Primerica from the proceedings.

II. DISCUSSION

    a.    **Interpleader**

"Interpleader is a statutory remedy that offers a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *In re Millennium Multiple Employer Welfare Ben. Plan*, 772 F.3d 634, 639 (10th Cir. 2014) (citing 7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1704 (3d ed.2001)). Interpleader actions are remedial in nature, so the governing rules and statutes are to be liberally construed. *State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 533 (1967).

There are two types of interpleader – "statutory" and "rule" interpleader. Rule interpleader is brought under Fed. R. Civ. P. 22, while statutory interpleader is brought under 28 U.S.C. § 1335. The distinction between the two types of interpleader is that "[u]nlike statutory interpleader actions under 28 U.S.C. § 1335, [i]nterpleader actions under Rule 22 ... must be based upon the general jurisdiction statutes applicable to civil actions in the federal courts." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 704 (7th Cir. 2014). Thus Rule 22 is merely a procedural device; "it does not confer subject-matter jurisdiction on federal courts." *KJD Real Estate, LLC*, 752 F.3d at 700. Accordingly, in an action brought under the interpleader rule, either federal question jurisdiction or diversity jurisdiction must be established.

In contrast, statutory interpleaders brought under 18 U.S.C. § 1335 grant original jurisdiction to the district courts over interpleader actions where (1) the disputed stake is worth $500 or more, (2) there are two or more adverse claimants of diverse citizenship, and (3) the plaintiff-stakeholder has deposited the stake into the Court's registry. 28 U.S.C. § 1335(a). Complete diversity is not required as the claimants must be only minimally diverse. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967).

Whether or statutory or rule based, as long as all of the requirements for interpleader are met, interpleader jurisdiction is proper and federal courts are empowered to enjoin claimants from "instituting or prosecuting any proceedings in any State of United States court affecting the property … involved in the interpleader action." 28 U.S.C. § 2361.

Here, Primerica's Complaint invokes both statutory and rule interpleaders. Although Primerica's Complaint does not expressly cite Rule 22, the Complaint does rely on the general diversity jurisdiction statute, 28 U.S.C. § 1332. As such, to invoke diversity jurisdiction Primerica's Complaint must demonstrate that the amount in controversy exceeds $75,000 and that the controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). For purposes of determining citizenship in rule interpleader actions, the court examines the citizenship of the plaintiff-stakeholder and the claimant-defendants, ensuring that complete diversity exists between the two. *See KJD Real Estate, LLC*, 752 F.3d at 700. The Court is satisfied that Primerica's rule interpleader properly invoked diversity jurisdiction because at the time of filing its complaint Primerica was of diverse citizenship from each Defendant. Although the remaining claimants, Bianca and Cynthia, are not of diverse citizenship from each other, their citizenship is immaterial as long as complete diversity exists between them and Primerica. Moreover, Primerica's Complaint and its deposit of the stake with the Court shows that the controversy exceeds $75,000. The Court properly has jurisdiction under 28 U.S.C. § 1332(a) over Primerica's Rule 22 interpleader.

However, to the extent Primerica seeks jurisdiction based on statutory interpleader, the Court will reserve ruling on that issue because on the current record the Court cannot ascertain whether all of the prerequisites for statutory interpleader are satisfied. Two of the three elements for statutory interpleader are satisfied – namely, Primerica has deposited a stake with the Court

that exceeds $500. However, it is unclear whether there are "two or more adverse claimants [] of diverse citizenship." 28 U.S.C. § 1335(a)(1). Unlike rule interpleader, in a statutory interpleader action the Court ignores Primerica's citizenship because it is not a "claimant," but rather a disinterested stakeholder. *See Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 72 (1939) (stakeholder's citizenship in a statutory interpleader action based on diversity jurisdiction need not be diverse from the citizenship of the claimants because "there is a real controversy between the adverse claimants."); *CNA Ins. Companies v. Waters*, 926 F.2d 247, 250 (3d Cir. 1991) ("Whereas complete diversity is a prerequisite for rule interpleader under Fed. R. Civ. P. 22 (stakeholder must be diverse from all claimants), statutory interpleader requires only minimal diversity (at least two claimants must be diverse, but citizenship of stakeholder is irrelevant)"). Primerica is not part of the "real controversy" and therefore the Court only looks to the citizenship of Heritage, Bianca, and Cynthia. At the time of filing, diversity of citizenship did exist because at least one claimant, Heritage, a citizen of Mississippi, was of diverse citizenship from Cynthia and Bianca. But Heritage has since been dismissed, meaning there is no diversity of citizenship among the remaining adverse claimants.

In this case, the Court is bereft of necessary facts, law, and argument needed to resolve whether Primerica's Complaint invokes statutory interpleader given Heritage's withdraw from the case. The Court provides Primerica leave to file optional briefing addressing the issue of whether the Court retains subject matter jurisdiction over Primerica's statutory interpleader in light of post-filing changes in the case.

    **b.    Dismissing Prudential from the Case**

There are commonly two stages to interpleader actions. First, "the court determines whether the stakeholder has properly invoked interpleader, including whether the court has

jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *United States v. High Tech. Prods., Inc.,* 497 F.3d 637, 641 (6th Cir.2007). If a court determines that the plaintiff-stakeholder properly invoked interpleader and has no interest in the stake, then it may dismiss the stakeholder from the proceedings before moving to the second stage. *See Commercial Nat'l Bank v. Demos*, 18 F.3d 485, 487 (7th Cir. 1994); *In re Millennium*, 772 F.3d at 639 ("The court may … discharge the interpleader plaintiff of any further liability and … allow[] the interpleader plaintiff to withdraw and leaving the interpleader defendants to prosecute their competing claims to the disputed property among themselves.") At the second stage, "the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial." *High Tech Prods.*, 497 F.3d at 641.

This interpleader action is in the first stage. The Court concludes that Primerica properly invoked interpleader and has a legitimate fear of multiple liabilities given that Cynthia and Bianca have asserted mutually exclusive claims to the stake. Primerica asserts no claim to the stake, and has represented itself as a disinterested stakeholder wishing to pay its obligations. To that end, it has already deposited the stake into the Registry of the Court and also agreed to waive its attorneys' fees for litigation associated with this action. Primerica therefore availed itself of interpleader in good faith. Relieving Primerica from liability as to the stake and its equitable distribution accomplishes the goals of interpleader—including the efficient administration of justice. The Court therefore grants Primerica's request for interpleader and will dismiss it from the case.[1]

---

[1] Primerica's discharge from the case does not destroy the Court's jurisdiction founded on diversity of citizenship, even though the remaining claimants, Bianca and Cynthia, are not of diverse citizenship from each other. *See Leimback v. Allen*, 976 F.2d 912, 917 (4th Cir. 1992).

**IT IS THEREFORE ORDERED** that the parties' Stipulation for Agreed Order Granting Interpleader and Partial Dismissal with Prejudice **[Doc. 33]** is **GRANTED** as follows:

1. If necessary, Primerica will provide briefing on whether it seeks statutory interpleader under 28 U.S.C. § 1335 with ten days of entry of this Memorandum Opinion and Order. If no response from Primerica is received, the Court will dismiss Primerica with prejudice from the action therewith;

2. Defendants are hereby **PERMANENTLY ENJOINED** from instituting or prosecuting further any proceeding in any state or federal court, including this Court, either at law or in equity, against Primerica or its affiliates and agents arising out of or relating to life insurance policy number 0431737375 on the life of Joseph Trujillo;

3. Primerica has waived its claim for attorneys' fees in this action and no costs of court shall be taxed against Primerica;

4. Any and all claims, demands, debts, or causes of action arising out of or relating to the Policy or its proceeds that have been asserted or were capable of being asserted by Primerica against Defendants, or by Defendants against Primerica, are dismissed with prejudice.

5. This Order does not affect the pending claims between the Defendants. All claims by and between the Defendants remain pending.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE